UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYA BANKS

   Plaintiff,

v.

DOLGENCORP, LLC,

   Defendant.

              /

Case No. 15-12457

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

  This matter comes before the Court on Defendant's motion for summary judgment. Plaintiff claims she suffered injuries after falling on a sticky substance on the floor of Defendant's store. Plaintiff filed suit, alleging that her injuries were caused by Defendant's negligence. Defendant timely removed to this Court. For the reasons stated herein, Defendant's motion for summary judgment is GRANTED.

**I. Facts**

  On September 2, 2014, Plaintiff went to Defendant's store to buy milk and cookies. (Pl.'s Dep., Dkt. 15-2, at 11-12.) Plaintiff walked toward the back of the store where the beverage coolers were located. (*Id.* at 12-15.) After realizing the milk she wanted was not there, she began to turn around. (*Id.*) According to Plaintiff, she took approximately two steps when her sandal got caught in a sticky substance on the floor. (*Id.*) Plaintiff fell and hit her knee on the ground. (*Id.*)

  Plaintiff claims she saw a "reddish-pinkish" spot on the floor where she fell. (*Id.* at 16.) Although she did not see the spot before her fall, Plaintiff testified she would have seen it

had she looked down. (*Id.* at 17.) She then alerted the cashier, Latashia Williams, of the spill. (Dkt. 15, at 5.) Williams reported the incident to Mushad Moore, who was working in a management position at the time. (*Id.*) Williams and Moore were the only two employees in the store from the time the store opened at 8:00 a.m. to the time of the fall. (*Id.*) Moore, Williams, and Plaintiff went to the location of the fall.[1] (*Id.*) At their depositions, both Williams and Moore testified they did not see anything on the ground when looking for the alleged sticky spot. (Williams Dep., Dkt. 15-3, at 7; Moore Dep., Dkt. 15-4, at 6-7.) Williams also states she felt the floor and could not feel anything sticky. (Dkt. 15-3, at 6-7.)

After the inspection, Moore filled out an incident report by writing down "exactly what [Plaintiff] told [him] had happened." (Dkt. 15-4, at 7.) The report states that a "sticky spot" caused the fall and notes that "safety checks" had not yet been completed on that date. (Dkt. 15-5.) Plaintiff left the store and went to the hospital, where her left knee was X-rayed. Plaintiff's hospital records indicate there was no fracture, dislocation, or swelling to her knee. (Dkt. 13-4.) On June 11, 2015, Plaintiff filed this suit, claiming Defendant was negligent and she was injured as a result. (Dkt. 1-2.)

**II.  Standard**

It is well established that summary judgment under Federal Rule of Civil Procedure 56 is proper when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the record, "the court must view the evidence in the light most favorable to the

---

[1] As Plaintiff admits, Moore stated Williams did not mop up the area before he arrived at the location of the spill, thereby "eliminating the possibility that she had cleaned up the sticky spot prior to his inspection." (Dkt. 15, at 5-6.)

non-moving party and draw all reasonable inferences in its favor." *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (internal citation omitted). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### III. Analysis

To establish a prima facie negligence case, a plaintiff must show (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages. *Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 463 (2004). The duty a landowner owes to a visitor is dependant on that person's status. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596 (2000). Here, the parties do not dispute that Plaintiff was an "invitee" and therefore, Defendant had a duty to "exercise reasonable care to protect [Plaintiff] from an unreasonable risk of harm caused by a dangerous condition" on the premises. *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516 (2001).

Defendant moves for summary judgment, arguing that the "sticky spot" was open and obvious and therefore Defendant did not have a duty to protect or warn Plaintiff. Alternatively, Defendant argues it is entitled to summary judgment because Plaintiff has failed to establish that Defendant had adequate notice of the alleged "sticky spot" condition. The Court considers both arguments, in turn.

#### A. Open and Obvious

Although a premises owner has a duty to exercise reasonable care to protect invitees from unreasonable risks of harm, such duty generally does not encompass open and obvious dangers. *See Lugo*, 464 Mich. at 516. That is, "[w]here the dangers are known to

the invitee or are so obvious that the invitee might reasonably be expected to discover them," an invitor generally owes no duty to protect or warn the invitee. *Id.* (citation omitted). Therefore, if the purported sticky spot was "open and obvious," Defendant did not owe Plaintiff a duty and Plaintiff's negligence claim must fail.

The standard for determining whether a condition is open and obvious is "whether an average user with ordinary intelligence [would] have been able to discover the danger and risk presented upon casual inspection." *Slaughter v. Blarney Castle Oil Co.*, 281 Mich. App. 474, 478 (Mich. Ct. App. 2008) (citation omitted). This objective factual inquiry "requires evaluation of the circumstances and surroundings of the hazard." *Farhood v. Bed Bath & Beyond, Inc.*, No. 10-13877, 2011 WL 3880492, at *3 (E.D. Mich. Sept. 2, 2011).

Here, Defendant argues that the "reddish-pinkish" "sticky spot" on the white floor was open and obvious and that there is no issue of fact because Plaintiff admits she would have seen the spot had she looked down. (Pl.'s Dep., Dkt. 15-2, at 17.) For support, Defendant points to *Millikin v. Walton Manor Mobile Home Park Inc.*, 234 Mich. App. 490 (Mich. Ct. App. 1999) and *Kennedy v. Great Atl. & Pac. Tea Co.*, 274 Mich. App. 710 (Mich. Ct. App. 2007). In both cases, the plaintiffs admitted they would have seen the hazardous conditions had they been looking and the courts affirmed summary disposition for the defendants, concluding that the conditions were open and obvious. But each of these cases can be distinguished. In *Millikin*, in addition to the plaintiff's admission, the court also relied on pictures showing the clearly dangerous condition at issue (support wire strung outside the plaintiff's mobile home). 234 Mich. App. at 497-98. Here, in contrast, there are no pictures

4

showing the alleged sticky spot.[2] And in *Kennedy*, the court noted not only had Plaintiff admitted that the crushed grapes on the floor "were readily observable," but also that "several other people all noticed the existence of the crushed grapes and grape residue once they actually looked at the floor." 274 Mich. App. at 713-14. Here, in contrast, the two employees present at the time of Plaintiff's fall testified they could not see (or even feel) the "sticky spot" upon close examination minutes after Plaintiff's fall.

The Court cannot conclude that no reasonable jury would find the sticky spot was not open and obvious. On the one hand, Plaintiff admits she would have seen the spot had she been looking; on the other hand, however, Defendant's employees state they could not see the spot even upon careful inspection. There is a genuine dispute of fact as to whether an average user with ordinary intelligence would have been able to discover the allegedly dangerous condition upon casual inspection.

**B.     Notice**

Alternatively, Defendant argues it is entitled to summary judgment because Plaintiff cannot show Defendant had notice of the dangerous condition. To establish a premises liability claim, Plaintiff must be able to show that Defendant "had actual or constructive notice of the condition at issue." *Lowrey v. LMPS & LMPJ, Inc.*, No. 323049, 2015 WL 8484482, at *5 (Mich. Ct. App. Dec. 10, 2015). That is, Defendant must have known about the condition or "would have discovered it had it conducted a reasonable inspection." *Id.*

---

[2] While Defendant has submitted pictures of the location of the fall, the pictures do not purport to show the alleged sticky spot. Rather, they show the color of the white tile floor and the proximity to the refrigerated beverage cases. (Dkt. 13-7.)

5

Plaintiff does not argue that Defendant had actual notice of the alleged sticky spot; rather, the focus is on constructive notice. It is well established that the law will only "impute knowledge of the dangerous condition to the premises possessor if the dangerous condition is of such a character or has existed for a sufficient time that a reasonable premises possessor would have discovered it." *Grandberry-Lovette v. Garascia*, 303 Mich. App. 566, 575 (Mich. Ct. App. 2014). The constructive notice inquiry is generally a question of fact. *Banks v. Exxon Mobil Corp.*, 477 Mich. 983, 984 (2007).

Defendant argues summary judgment should be granted because Plaintiff has failed to present evidence that would establish that there was sufficient time for Defendant's employees to have discovered the alleged hazard. That is, there is no evidence of the origin of the spot or its duration and it would be purely speculative to conclude the substance started as a liquid and dried after some amount of time. (Dkt. 13, at 17.) Because notice is a necessary element of Plaintiff's claim, Defendant argues Plaintiff's claim must fail.

Plaintiff responds that summary judgment should be denied because she has put forth sufficient evidence which, when viewed in the light most favorable to her, would allow a reasonable jury to conclude that Defendant had constructive notice of the dangerous condition. (Dkt. 15, at 12.) The evidence Plaintiff points to is the location of the fall (the area immediately in front of the beverage coolers) and the color and consistency of the spot ("reddish-pinkish" and "sticky"). Plaintiff contends this evidence is sufficient to allow a jury to conclude that "the sticky spot was caused when a liquid from the cooler was spilled and had enough time to dry," and thus "had been there long enough that Defendant should have known about it." (*Id.*) The Court disagrees.

Plaintiff testified she does not know what was on the floor, where it came from, or how long it was there. (Pl.'s Dep., Dkt. 13-2, at 12.) Although there is some circumstantial evidence regarding *what* the substance may have been (*i.e.*, Plaintiff's testimony that the spot was located near the beverage cooler and was "sticky," "reddish-pinkish," and "looked like juice,") there is no evidence regarding *when* or *how* the sticky spot first appeared. Such information is necessary in determining whether a reasonable jury could conclude the hazard had been present for enough time to impart constructive notice on Defendant. *See Nicholson v. Eagle Theater Entm't, LLC*, No. 321326, 2015 WL 3649184, at *2 (Mich. Ct. App. June 11, 2015) (unpublished opinion) (affirming summary disposition to the defendant in part because "when and how the puddle first appeared remain[ed] unknown").

Recently, a district court in New York considering a similar matter determined that mere "circumstantial evidence that the substance on the floor was 'sticky'" is not enough to infer that the spill had been present for enough time to impart constructive notice on the store employee. *Gonzalez v. Kmart Inc.*, 13-CV-5910, 2016 WL 3198275, at *6 (E.D.N.Y. June 8, 2016). There, the plaintiff failed to offer evidence showing that "the substance would not have been sticky upon spilling and only became sticky after a period of time," and the court granted summary judgment to the defendant. *Id.* Similarly, here, there is no evidence that the substance that spilled was not sticky upon spilling. Even if the Court assumed the substance that spilled was juice, Plaintiff has presented no evidence regarding the length of time it would take for juice to become "sticky." In *Gonzalez*, the district court stated, "absent evidence regarding the progressively congealing properties of the spill substance, any inference of constructive notice based on Plaintiff's description of the substance as 'sticky' is pure speculation." *Id.* Here, too, Plaintiff's evidence regarding

7

the length of time that the purported substance was on the floor is pure speculation. Even viewing the facts in the light most favorable to Plaintiff, Plaintiff has failed to present enough facts to create a triable issue for a jury with regard to notice—a necessary element of her claim.

## IV. Conclusion

For the above-stated reasons, the Court GRANTS Defendant's motion for summary judgment.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 28, 2016, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager